CHARLES B. DARWIN ............................. do.      do.

R. H. HEWITT...................................... Clerk

The County of Clarke by H. G. Struve, Prosecuting Attorney, Relator, *vs.* John W. Brazee.

The legislative act relative to Skamania County, statutes, 1865, page 44, is not void, because the object of the act is not expressed in its title.

What the powers of a judge at chambers relative to writs of mandate not determined, as the appearance of the defendant in the district court, and the proceedings of that court cured every irregularity in the preliminary proceedings.

Our statutes have rendered the difficult learning of the old writs of mandamus and prohibition mainly obsolete.

The complaint in this case is sufficient to entitle to the relief sought.

Error to Second Judicial District.

Opinion by Darwin, Justice.

The defendant insists that on two main questions the judgment below should be reversed.

*An act of the legislature appointed a special term of the Supreme Court for June 1866, continuing thereto cases pending in the regular December term 1865. But little business was transacted at this special term. The opinion in the case of Clarke Co., *ex-relatio* its prosecuting attorney *vs.* John W. Brazee (published with the opinions of the Dec. term, 1867), being the only opinion found among the records of that term. During the regular December term, 1866, Darwin, Justice, was absent from the Territory and for this reason no cases were decided; most causes being continued by consent of parties.

199

1.   Because the law upon which the plaintiff relies was in contravention of the provisions of the Organic Act, requiring a law to contain but one object, and that expressed in its title.

2.   Because the Court had no jurisdiction justifying its final judgment. The errors assigned all fall within the one or the other of these.

· We are of opinion that the law has but one object and that all its provisions are but means chosen to effectuate the same, and that the title sufficiently states it.   Again, doubting whether the judge, at chambers, had legal grounds for his action we are relieved from deciding thereon by the assurance we feel that when the defendant appeared in Court he clearly confirmed the jurisdiction for the judgment which was rendered. In that Court were present all the elements enabling it to do full justice.   There was a complaint filed stating the facts on which the plaintiff relied for the relief he asked.   The defendant appeared thereto, making no objections on the ground of venue or notice.   Indeed, he by his demurrer conceded the averments of the complaint, and prayed the judgment of the Court whether they were sufficient to entitle the plaintiff to the judgment he asked.   That is, to a judgment that process should issue commanding the defendant to deliver up the books in controversy, and to desist from exercising the office he was then exercising.   We think that the Court properly found that the statements of the complaint entitled to the remedy asked, and properly rendered a judgment in accordance with such finding.

We consider that the difficult learning of the old writs of mandamus and prohibition is rendered mainly obsolete by the Practice Act.   That under it the essential idea of an action is that a remedy be asked for by a plain statement of the facts which create a right to it, and that judgment go according to that remedy when found due, and that this simplicity of statement and conformity of judgment obtains as well when the demand is that the defendant be compelled to do or abstain from doing something, as when it is that plaintiff recover a sum of money on a note.

This case may be stated substantially thus: After some pre-

liminary irregularity the plaintiff and defendant found themselves face to face in Court. The plaintiff making claim that the defendant be constrained in his action, in a defined legal mode, and alleging the facts justifying it, the defendant insisted that the plaintiff had not called his proceeding by the right name, had taken unnecessary or unusual steps by the way, that the plaintiff should be required to go out of Court and come back again by a more technical route. But he made no defense of insufficient notice, none of venue, none touching the substantial justice of the demand, and confined his defense so far as merits were concerned to the position that the facts averred being true would not entitle to the remedy asked. He might have denied them, he chose to concede them and rely on quiddities which we consider the practical and just spirit of our code will not tolerate. We are not satisfied that injustice has been done him, and cannot consent to disturb the judgment below.